**Wilma MACK, Plaintiff-Appellant,**

v.

**ANDERSON ELECTRIC COMPANY, Defendant-Appellee.**

**No. 78–1435**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Sept. 18, 1978.

Roger C. Appell, Birmingham, Ala., for plaintiff-appellant.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

John W. Brahm, Renee L. Johnson, Milwaukee, Wis., for defendant-appellee.

Before THORNBERRY, GEE and FAY, Circuit Judges.

PER CURIAM:

Plaintiff brought a claim against the defendant under Title VII[1] and § 1981[2] alleging that she was discharged from her employment because of her race. After some routine discovery the trial court granted the defendant's motion for summary judgment. We reverse and remand for further proceedings.

In granting summary judgment on behalf of the defendant the trial court made a factual finding that the plaintiff's son, Michael Edwards, signed a receipt for the EEOC[3] "Right to Sue Letter" on March 3, 1977 and that he was the plaintiff's authorized agent for such purpose.[4] During the taking of her deposition the plaintiff denied that her son's signature appeared on the return receipt.[5] Although defendant argues this is easily explained since the return receipt shown to the plaintiff was a copy of the records of the Postal Service conformed by postal employees,[6] such does not appear in the record and the receipt was not attached to the deposition. Since the only testimony present in the record raises a genuine dispute concerning the authenticity of Michael's signature, summary judgment was improper.

Plaintiff filed a charge with the EEOC on May 6, 1974. The right to sue letter is dated March 1, 1977.[7] Suit was filed June 6, 1977. In computing the 90 day period during which suit must be filed, the day of receipt becomes the pivotal question. The plaintiff was not certain of the exact date she received such letter,[8] but was positive in her testimony that it was not March 3, 1977 and that her son's signature does not appear on the receipt shown to her.[9] Because the evidence so strongly suggested that Michael had signed for the letter, and because the plaintiff was unsure when she did receive the letter, the trial judge, considering the deposition as well as affidavits and other evidence, *Munoz v. International Alliance of Theater Stage Employees, et al.*, 563 F.2d 205 (5th Cir. 1977), found that Michael, as an authorized agent, receipted for the notice of right to sue.[10] As we pointed out, however, in *Slavin v. Curry*, 574 F.2d 1256 (5th Cir. 1978), issues which turn on the credibility of affidavits are particularly inappropriate for summary judgment.

Reversed and remanded.

---

1. Civil Rights Act of 1964, 42 U.S.C. § 2000e to e–15.

2. Section 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

3. App. to Appellant's Brief at 23–24.

4. App., *supra* note 3, at 24.

5. App., *supra* note 3, at 59–61.

6. Appellee's Brief at 19.

7. App., *supra* note 3, at 17.

8. During her deposition the plaintiff stated she may have received the notice of right to sue on about March 5, 1977, (A 60) or in June 1977, (A 62) or possibly March 18, 1977, (A 64) or whatever day it was in her Post Office box. (A 120).

9. App., *supra* note 3, at 59–61.

10. App., *supra* note 3 at 24.